UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  09–22614–Civ–COOKE/BANDSTRA

LAS VEGAS PROFESSIONAL
FOOTBALL LIMITED PARTNERSHIP, *et al.*,

      Plaintiffs

vs.

RONNIE D. SHADE, M.D., *et al.*,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

THIS MATTER is before me on the Defendants' Motions to Dismiss [D.E. 5 & 13].  I have reviewed the Parties' arguments, the record, the complaint, and the relevant legal authorities.  For the reasons explained in this order, I find this Court lacks personal jurisdiction over the Defendants, and the Motions to Dismiss are granted.

## I. BACKGROUND

The Plaintiffs filed this case alleging fraud and negligence against Ronnie D. Shade, M.D. and Montiese Culton.  While employed as a football player for the Las Vegas Gladiators, an Arena Football League team, Mr. Culton was injured during a football scrimmage.  Mr. Culton filed a workers' compensation claim, and eventually moved to Texas, where he sought treatment with Dr. Shade.  Mr. Culton continues to treat with Dr. Shade, and Dr. Shade continues to submit his medical bills to the Plaintiffs' workers' compensation insurance carrier.

The Plaintiffs' workers' compensation insurance carrier is American International Group, Inc. ("AIG").  In order to secure this insurance policy, AIG required the Plaintiffs to provide collateral to secure the Plaintiffs' payment obligations.  The Plaintiffs established a $600,000.00

letter of credit, issued, presentable, and payable at Mellon United Bank, Miami, Florida.  The
Plaintiffs' jurisdictional allegation against both Mr. Culton and Dr. Shade is that they committed
fraud on the Plaintiffs' property, namely the letter of credit at Mellon Bank.

## II.  Legal Standards

### A.  *Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2)*

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant
bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case
of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  A
defendant challenging personal jurisdiction must present evidence to counter the plaintiff's
allegations.  *Internet Solutions Corp. v. Marshall*,  557 F.3d 1293, 1295 (11th Cir. 2009).  Once
the defendant has presented sufficient evidence, "the burden shifts to the plaintiff to prove
jurisdiction by affidavits, testimony or documents." *Id.*

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether
personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state
long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the
United States Constitution." *United Techs. Corp.*, 556 F.3d at 1274.

### B.  *Florida's Long-Arm Statute*

"Florida's long-arm statute permits state courts to exercise jurisdiction over a cause of
action arising out of a tortious act committed within Florida." *Internet Solutions Corp.*, 557 F.3d
at 1296 (citing Fla. Stat. § 48.193(1)(b) (2008)).  Florida's long-arm statute can reach a defendant
whose tortious act occurred outside the state, but caused injury in Florida.  *Posner v. Essex Ins.
Co., Ltd.*, 178 F.3d 1209, 1216 (11th Cir. 1999).

### C. *Due Process Clause of the Fourteenth Amendment*

Even if the requirements of Florida's long-arm statute are met, personal jurisdiction cannot be exercised over a defendant who does not have sufficient minimum contacts with Florida to satisfy the requirements of due process. *Jet Charter Svc., Inc. v. Koeck*, 907 F.2d 1110, 1113 (11th Cir. 1990) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)). The due process analysis must determine whether a defendant has minimum contacts with Florida, and whether the court's exercise of jurisdiction over that defendant would "offend traditional notions of fair play and substantial justice." *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1296 (11th Cir. 2009) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

The Eleventh Circuit has adopted the following three-part test to decide whether the minimum contacts requirement is met:

> First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws. Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there.

*Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir.1993) (quotations and citations omitted).

Once it has determined that a nonresident defendant has purposefully established minimum contacts with Florida, a court must determine whether the exercise of personal jurisdiction over the nonresident defendant would offend traditional notions of fair play and substantial justice. *Madara v. Hall*, 916 F.2d 1510, 1517 (11th Cir. 1990). In determining whether exercising personal jurisdiction over a defendant would offend notions of fair play and substantial justice, a court must consider the following factors: (1) "the burden on the defendant

-3-

in defending the lawsuit," (2) "the forum state's interest in adjudicating the dispute," (3) "the plaintiff's interest in obtaining convenient and effective relief," (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and (5) "the shared interest of the states in furthering fundamental substantive social policies." *Id.*

### III. DISCUSSION

#### A. *Florida's Long-Arm Jurisdiction*

The Plaintiffs allege that, as a result of the fraud committed by the Defendants, the Plaintiffs have paid insurance claims from funds which are kept at Mellon Bank, in Miami, Florida. (Compl. ¶¶ 6-8). Plaintiffs contend the Defendants' allegedly tortious actions have caused injury in Florida, thus permitting the exercise of personal jurisdiction over these Defendants.

The Plaintiffs have met their initial burden by alleging that the Defendants' tortious conduct caused injury in Florida. The Defendants have not presented any evidence to counter this assertion. (*See* Shade Aff. [D.E. 5] and Culton Aff. [D.E. 13]). While the Defendants explain that they have had virtually no contact with Florida, they do not refute the Plaintiffs' assertion that the Plaintiffs have paid, allegedly fraudulent, insurance claims from funds which are kept at Mellon Bank, in Florida. Therefore, personal jurisdiction over the Defendants is appropriate under Florida's long-arm statute.

#### B. *Minimum Contacts and Traditional Notions of Fair Play and Substantial Justice*

The Plaintiffs do not allege any contacts between the Defendants and Florida, other than the assertion that the Defendants committed fraud on the Plaintiffs' Florida property. (Compl. ¶¶ 6-8). In response to the minimum contacts challenge of the Defendants' motions to dismiss, the Plaintiffs simply reargue the same position they took in responding to the long-arm statute

section, namely that the Defendants have caused injury in Florida.  (Pls.' Mem. in Opp. to Def. Shade's Mot. to Dismiss 9 [D.E. 15]; Pls.' Mem. in Opp. to Def. Culton's Mot. to Dismiss 14-15 [D.E. 16]).

In this case, a football player was injured in Nevada, (Compl. ¶ 23), and filed a workers' compensation claim in that state (Compl. ¶ 24).  He was subsequently treated for his injuries in Texas, (Compl. ¶ 25), and his doctor submitted bills for those treatments through the Nevada workers' compensation claim (Compl. ¶ 38).  Nowhere in the complaint do the Plaintiffs allege any contact between the Defendants and Florida.  There is no connection to Florida, except for the fact that the Plaintiffs happen to have a Florida bank account tied to their workers' compensation insurance.  There are no allegations that Mr. Culton was aware of the Florida bank account when he filed his workers' compensation claim in Nevada.  Similarly, there are no allegations that Dr. Shade was aware of the Florida bank account when he submitted his medical bills under the Nevada workers' compensation claim, for the services rendered in Texas.  There are no allegations that the Defendants purposely availed themselves, in any way, of the benefits and protections of Florida's laws.

The Plaintiffs have not made out a prima facie case of jurisdiction under the minimum contacts analysis.  While the "injury occurred in Florida" argument is sufficient to satisfy the long-arm statute, that alone is not enough to meet the minimum contacts threshold.  *See PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 811 (11th Cir. 2010) ("The Constitution prohibits the exercise of personal jurisdiction over a nonresident unless his contact with the state is such that he has fair warning that he may be subject to suit there.  A defendant has such fair warning if he purposefully directed his activities at residents of the forum and the

litigation results from alleged injuries that arise out of or relate to those activities.") (internal quotation marks and citations omitted).  Here, the Plaintiffs have failed establish that the Defendants have sufficient minimum contacts with Florida to satisfy the requirements of due process.  Accordingly, this Court cannot assert personal jurisdiction over the Defendants as such an assertion would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## IV. Conclusion

For the reasons explained in this Order, the Plaintiffs have not established that this Court has personal jurisdiction over the Defendants in this case.  The Defendants' Motions to Dismiss [D.E. 5 & 13] are **GRANTED**.  This case is **DISMISSED** without prejudice.  Any pending motions are **DENIED** as moot.  The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED**, in chambers, at Miami, Florida, this 17th day of May 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*

-6-